**Maurice HUNTER, Appellant**

v.

**ARK RESTAURANTS CORPORATION, et al., Appellees**

**No. 00–7151.**

United States Court of Appeals, District of Columbia Circuit.

March 20, 2001.

Before SENTELLE, TATEL, and GARLAND, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the oral argument by counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed for the reasons set forth in the attached memorandum.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* Fed. R.App. P. 41(b).

## MEMORANDUM

 Appellant Maurice Hunter, who settled a race-discrimination lawsuit against his former employer, now appeals the district court's decision to deny his request for attorney's fees. We review a denial of attorney's fees for an abuse of discretion. Indeed, "a trial court enjoys substantial discretion in making reasonable fee determinations." *Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261, 1271 (D.C.Cir.1993); *see also Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We will reverse the district court only if we are left with "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Association of Am. Physicians and Surgeons, Inc. v. Clinton,* 187 F.3d 655, 660 (D.C.Cir.1999) (citation omitted). We are unable to so conclude on the record before us.

We hold that the district court did not abuse its discretion when it concluded that Hunter was not entitled to any attorney's fees, and therefore affirm its judgment.